Thank you. Please be seated. This case is People v. Tyus for the appellant, Ms. Filpi if I pronounced that correctly and for the appellee, Mr. Lonergan. You may proceed. Good afternoon, Your Honors. My name is Emily Filpi and I represent Ryan Tyus in this matter. This afternoon, I will be arguing both parts of the issue raised in the brief. In his pro se petition, Tyus presented the gist of an arguable claim that trial counsel was ineffective but failing to continue to investigate his case until he received additional payment above the $20,000 bond assignment. According to Tyus's petition, free trial in the middle of plea negotiations, counsel demanded additional payment. Counsel told Tyus to pay him his money and he would get petitioner the nine years that the people first offered. When Tyus was unable to provide additional payment, counsel did not investigate his case any further and did not continue with plea negotiations. By doing this, counsel failed to provide Tyus the full benefit of his legal skills based on Tyus's inability to provide additional payment. Counsel's failure to continue plea negotiations and failure to conduct more investigation into his case unless Tyus paid him additional money was unreasonable. Tyus was also arguably prejudiced by counsel's actions. Counsel stopped investigating the issues in Tyus's case and stopped negotiating with the state. This case was a complex, circumstantial evidence case. It spanned three states, California, Kentucky, Illinois. Multiple residences were searched. Multiple people were arrested. There were cars searched. There were multiple baggies of controlled substances as well as non-controlled substances seized. There were many, many documents seized. Moreover, Tyus wasn't even at the house at the time that the delivery arrived. In the landscape of this complex case, trial counsel didn't present any evidence, didn't present any witnesses, didn't put on anything. And generally also, counsel's cross-examination of the state's witnesses was generally pretty superficial. At the time that counsel refused to continue investigating Tyus's case, the state had offered a plea deal of 18 years, the minimum for this offense. According to Tyus's petition, he didn't get the nine-year offer that counsel said he could get because he couldn't pay his attorney. Admittedly, Tyus's petition is unclear as to how trial counsel planned to get this prior nine-year offer. We don't know if counsel planned to try to use his connections at the state with his old coworkers or whether he required additional compensation above the agreed-upon sum to continue negotiations. We just don't know. And that's why more investigation is necessary into this case. However, counsel cannot coerce payment by threatening to stop working on a defendant's case. Instead, Tyus went to trial and received 25 years, a much longer sentence. Tyus was arguably prejudiced by counsel's failure to continue this because he didn't receive the state's plea offer because he couldn't pay his attorney for money. This allegation is so serious that counsel needs to be appointed to look into these allegations and to investigate it further. If counsel, PC counsel, determines that there's nothing to these allegations, they can file a Greer motion. That's what they're for. But this is a very serious allegation. And at this stage, the first stage of post-conviction proceedings, Tyus has established the gist of a constitutional claim that is not rebutted by the record. Therefore, the circuit court's summary dismissal is premature. Tyus also set forth the gist of a constitutional claim that his appellate counsel was ineffective for failing to argue on direct appeal, but the state failed to prove the weight of the cocaine, which is an element in the offense of controlled substance trafficking. It's arguable that appellate counsel's failure to raise this issue was deficient because the issue was arguably meritorious. The state's forensic chemist testified that she received various states' exhibits and weighed their contents on a digital balance. When asked about the tests that she performed on the exhibits, she explained that she performed at least two standard scientific tests on each of the items. Ultimately, the chemist gave her opinion that People's Exhibit No. 6 contains 246.8 grams of white powder, which was contained in two separate plastic bags, and those contained cocaine. The chemist's testimony in this case was ambiguous for two reasons. One, it's ambiguous about whether she commingled the contents of the two baggies in States' Exhibit No. 6 on the weigh boat when determining their weight, and two, it's ambiguous about whether she tested the contents of each of the two baggies. Notably, the chemist never testified that she tested the contents of each of the two baggies contained in Exhibit 6 to determine whether they each contained cocaine. Also, she never testified as to the weight of each of these two baggies. It's the state's burden to prove that the baggies were weighed and tested properly. And here, the chemist's testimony was ambiguous. The state did not prove the weight and composition of the two baggies beyond a reasonable doubt. Titus was also arguably prejudiced by appellate counsel's failure because this issue would have been meritorious on a direct appeal. The weight of the cocaine is an element in this offense. Trafficking between 100 and 400 grams of cocaine at a sentencing range of 18 to 80 years where below 100 grams of cocaine is 12 to 60. Because the weight of the cocaine directly affects sentencing, it's an element of the offense. And the state has to prove all the elements of the offense. Also in this case, it's worth noting that there were baggies of baking soda, non-controlled substances, found. In light of that, it's particularly important for the chemist to be clear whether she tested both baggies or just gave the weight of State's Exhibit 6, which is two baggies, in one lump sum. At this point, Titus has more than met the first stage of this standard. For these reasons, I ask that this Court reverse the Circuit Court's summary dismissal of Titus' post-conviction petition and remand for second stage proceedings and the appointment of counsel. Thank you. We'll have additional time on rebuttal. Mr. O'Rourke. Good afternoon, Your Honors. Counsel. With regard to the first issue, ineffective assistance of trial counsel, I think the issue that is being argued is that trial counsel is ineffective for having done two things. And I'm unclear as to whether or not actually the first is made in the petition by the petitioner. Failed to confirm or negotiate, I think, is the first prong of the test. He refused to do so without additional compensation. I think a fair reading of the petition, though, actually doesn't allege that. But let's just assume that it does. You know, what evidence do we have that he has failed to negotiate? Well, just pausing right there, the argument is without additional compensation he wasn't going to do it. If that were true, wouldn't that be a problem? Yes, it would, Judge. How do we determine now that it's not true? Well, we look at the record and see what was done. Well, what record would show what conversations occurred between the defendant and defense counsel? None. But the record would show what type of representation he received at trial. And I think it's incumbent upon the defendant to point to that trial and suggest that he received representation that fell below an objective standard of reasonableness. That's what he's claiming. He's claiming that the results of the trial would have been different if but for something. But he doesn't claim what that was. What was it that counsel was supposed to have done? Counsel now suggests today in oral argument that there could have been additional witnesses. What witnesses? What would those witnesses have said? Isn't that a second-stage argument? I don't believe it is, Judge. So you're requiring this guy sitting in the joint to be able to articulate all this stuff at the first-stage pro se and lay it out sufficiently to establish a gist of a claim? Yes, Judge, I think we have to. And if this, what he said, isn't good enough? Well, I don't think he's suggested that his representation fell below an objective standard. He's guessing, first of all, his statements even have taken a true, which there's no evidence to support it. There's no affidavit that suggests that. I mean, what he's saying is that counsel failed to do anything for me after that. Well, if that's true, how are you prejudiced? You have to show something in the record that shows that the results would have been different.  The defendant's rights under the Post-Conviction Hearing Act against the gatekeeper of the trial court's duty to try to discharge things that are frivolous and patently without merit. So we're trying to balance these two considerations. And what we're trying to do is require something of the petitioner that suggests that it's over-proceeding. And I don't think it's unusual or inappropriate to require. In fact, I think 122-2 does require. It says, shall attach affidavits, records, or other evidence that support the petition or shall state why they can't. So if he's claiming that his counsel refused to act as an attorney should have after a certain period in the proceeding, he needs to point out how he was prejudiced by that. Or he needs to point out something within the trial record that suggests a deficient performance. The only thing that's suggested by this defendant was that his trial counsel did not investigate the location of the investigating officer at a time he was doing surveillance of the house where the drugs were dropped off at. This officer testified that he saw the defendant approach the house to take the package. And the defendant says, well, gee, if you looked into that, the record doesn't support that at all. Counsel did a good job of processing the investigating officer, and there's no suggestion in the record that this issue had anything at all to do or that it was critical to his conviction. So the petition fails on its face to suggest anything that would have resulted in a different outcome of his trial. The next issue that they bring up is the weight. The defendant is arguing without any supporting affidavit. Two affidavits that he did attach to his petition deal with issue number one, not issue number two. Issue number two deals with the fact that he believes that there is an ambiguity in the testimony of the chemist. But the trial judge obviously didn't think so. The jury didn't think so. Defense counsel, the state didn't think so. Even his trial, even his attorney on appeal didn't think so, on direct appeal, because it wasn't raised at that time. So, you know, we can look at the record. We can see there's no factual dispute as to what the testimony was. It's clear on its face what the chemist testified to. So I don't find the testimony to be ambiguous. But, you know, if the court finds that as a matter of law this testimony is ambiguous, I suppose that it can. If it believes that as a matter of law the state has failed in its testimony to establish the elements of the offense, then I believe the court can do that. But there's a requirement of the petitioner to suggest that, to supply the affidavits if necessary. And unlike the case law that's being supported, there's nothing to suggest that there was a co-mingling here. And that's the basis. The weight doesn't matter. I think a fair reading of her testimony is, I tested these two items. I found cocaine in both. You know, the total of their weight is 200 and something grams or whatever the grams were. That's what she testified to. In these other cases, there's testimony or there's evidence that there was co-mingling. The police officers have said, when I found them, I co-mingled them. Or the testing chemist said, I co-mingled them. Or there's the investigator that called the chemist, built out an affidavit to suggest that there was some evidence of co-mingling. We don't have any evidence of that at all. We have a simple allocation that the defendant believes or petitioner believes that this testimony is ambiguous. I would care to differ. And I think the trial judge did as well. And I think everybody else before this defendant did. There's nothing here and there's no justification. Why aren't there additional records? Why didn't somebody call the chemist for additional clarification? Why wasn't an investigator hired? There's simply no allegation of it. And before I sit down, I missed one point on issue number one. You know, counsel did argue that there was some discussion about, well, there was an offer of nine years, there was an offer of 12 years, there was an offer of 18 years, even an offer of 25 years, I think I heard. But in the defendant's brief, it says that the defendant's argument is that the trial counsel was ineffective for refusing to continue working on the defendant's case unless the defendant gave him an additional payment in addition to the 20 grand, not that counsel's opinion on the next plea offer by the state was ineffective. It says, according to the defendant, he says that he received these things. But the conclusion is the defendant does not argue that counsel's advice that the state would make a plea offer was ineffective. So they're claiming not that it was inappropriate that he couldn't get the nine years. They're claiming that he just refused to continue to act as counsel should, refused to negotiate with the state. There's no affidavit in support of that. We don't have anything from the government or from the state. Why couldn't we get something from the state's attorney saying I offered this and it was refused? You're supposed to do that from the joint? You could hire somebody from the joint. Is that the requirement at the first stage? I think it has to be, Judge. Why? Because there has to be some basis to continue this. I mean, there's a limited resource. If we want to open Pandora's box and allow, you know, basically we have the affidavits are of no help whatsoever. He can't testify to what he puts in his affidavit. His affidavit is no better than a petition because the affidavit's signed by him. I don't think that's what's encompassed in the statutory scheme here and the purpose of the gatekeeper. We're trying to see if there's some basis to continue to give this defendant additional time. Is there some reasonable probability that we're going to hear additional evidence? And I don't think he's offered anybody else any suggestion that he has anything. And for that reason, I think it was properly ruled that it was patently frivolous and without merit. There's nothing further. Thank you. Thank you. Nicole? Just a few points, Your Honor. Speak up a bit. Okay. The state asks what counsel should have done. That points out that Tias and his petition doesn't say anything specifically about what counsel should have done. That Tias' petition is merely that counsel stopped the plea negotiation and stopped investigating into his case. At this point, we just don't know the full extent of what counsel should have done, could have done, what he didn't do. Tias, as Your Honor pointed out, is a pro se petitioner. He's just not in a position to prove what his trial attorney should have done. But we know that Tias' petition establishes the gist of a constitutional deprivation here. We know that counsel stopped his investigation when counsel was unable to pay him because that's asserted in his petition. And at this point, we have to take the assertions in the petition as true unless they're rebutted by the record, which they're not in this case. The state also points out that there's no affidavit supporting this issue. This is a sort of issue when you raise an effectiveness of trial counsel, the only other affidavit you can get in this particular instance would be counsel's affidavit. And counsel's not going to be, probably not going to be willing to hand over an affidavit to my client, who's in prison at this point, saying I was ineffective or I did this down the road. And that's exactly why counsel needs to be appointed. This needs to move on to the second stage. Again, this is a serious allegation and it needs to be investigated further to determine what exactly happened here. Was this a violation or was it not? We just don't know at this point. Also, trial counsel's representation at the trial level wasn't spotless here. Trial counsel didn't object or put in a motion to reconsider his sentence. Is spotless the standard? Pardon? Is spotless the standard? Absolutely not, Your Honor. Just effective and restrictive. But I'd like to point out that when the state says trial counsel's representation was that he did a fine job, that that's not quite accurate just based on the record looking at it. Because counsel didn't point out that the trial judge was under the mistaken impression as to the sentencing range. That issue was raised in direct appeal, and Your Honors found that that issue was out-of-bucketed by the trial counsel for not preserving that issue. Also, counsel could have argued that the state didn't prove the weight of the drugs beyond a reasonable doubt. Counsel didn't do that. Titus Legend has petitioned that counsel didn't determine Sikowsky's position during the stakeout. There's more to that. Meaning that trial counsel's representation had some flaws and it's worth looking into further. As for the second issue, the state points out that, again, it's not supported by an affidavit. Under Coleman, when an issue is based on the record, such as this issue, supporting affidavits aren't necessary. Supporting documents aren't necessary. It's based on the record. And finally, the state says that the weight doesn't matter. It does matter. It's an element of the offense of controlled substance trafficking of 100 to 400 grams of cocaine. While there's no affirmative evidence of co-mingling from the chemist, the chemist's testimony was ambiguous. It can't be ambiguous. Speculation is not enough. This is a criminal case. My client was charged with a criminal offense, and the state has to prove every element beyond a reasonable doubt. Speculation is simply not enough. Again, for those reasons, I ask that this Court reverse the Circuit Court summary dismissal of Titus' post-conviction petition. Thank you. We'll take this matter under advisement and stand in recess until the readiness of the next case.